# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## AUGUST 1999 SESSION

FILED

October 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **GARY LEN ROLLINS,** | * | C.C.A. # 03C01-9808-CR-00296 |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Honorable Ray L. Jenkins, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction/Aggravated Rape) |
| Appellee. | * | |

FOR THE APPELLANT:

LESLIE M. JEFFRESS
P. O. Box 2664
Knoxville, TN 37901

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RANDALL EUGENE NICHOLS
District Attorney General

G. SCOTT GREEN
Assistant District Attorney
P. O. Box 1468
Knoxville, TN 37901-1468

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, Gary Len Rollins, appeals the trial court's dismissal of his petition for post-conviction relief. The petitioner contends that the trial court erred in dismissing his petition on the following grounds:

> (1) The indictment in his case was constitutionally defective because it did not allege a specific *mens rea*.
> (2) The petitioner received ineffective assistance of counsel at trial for counsel's failure to depose a dying defense witness and failure to move for sanctions in response to "coached" testimony.

After a careful review of the record, we AFFIRM the judgment of the trial court.

## *Procedural History*

On July 9, 1992, the petitioner was convicted of the aggravated rape of his two-year-old son and was sentenced to fifteen years in prison. On January 9, 1995, the conviction and sentence were affirmed on direct appeal. See State v. Gary Rollins, Sr., No. 03C01-9308-CR-00250 (Tenn. Crim. App. filed January 9, 1995, at Knoxville). Subsequently, the petitioner filed a petition seeking post-conviction relief which the trial court denied, after an evidentiary hearing, on July 8, 1998. From this denial, the petitioner now appeals.

## ANALYSIS

### *Defective Indictment*

The petitioner has relied exclusively upon the holding of a panel of this Court in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. filed June 25, 1996, at Nashville), rev'd., 954 S.W.2d 725 (Tenn. 1997), to assert that his indictment was insufficient and defective. As acknowledged by petitioner, after the filing of the instant petition but before the trial court's ruling, the Tennessee Supreme Court reversed the Hill decision in State v. Hill, 954

S.W.2d 725 (Tenn. 1997). While that decision involved indictments after the Sentencing Reform Act of 1989, its analysis extends to indictments under the 1979 Act as well. See Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). The indictment in the instant case and that in Dykes are substantially similar. Therefore, we conclude the indictment is not defective.

*Ineffective Assistance of Counsel*

Next, the petitioner contends that his trial counsel was ineffective for failing to depose a dying defense witness and failing to move for "some type of sanction" in response to the coached testimony of a trial witness. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. See Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

Further, the petitioner's burden of proof in all post-conviction cases filed after May 10, 1995, is by clear and convincing evidence, see Tenn. Code Ann. § 40-30-210(f), and reviewing courts must indulge a strong presumption that counsel's conduct falls within the range of reasonableness and must evaluate the performance from counsel's perspective at the time of the alleged error, see Strickland, 466 U.S. at 695. The petitioner must show that there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different.

Finally, the trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. See Butler,

789 S.W.2d 898, 899; Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. See Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this Court. See Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on the petitioner. See Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

Petitioner first asserts that trial counsel was ineffective in his failure to depose a potential defense witness before that witness died, admittedly, unexpectedly. Regarding this failure, the trial court at the evidentiary hearing heard and accredited testimony from petitioner's trial counsel and made the following finding:

> Now it boils down to clairvoyance. Was it ineffective for Mr. Talman to anticipate the imminent death of Mr. Knuckles when the petitioner/defendant did not, even though much closer to him? Now consider further the fact that even if deposed what would be the efficacy of that testimony, if admitted, when shown that all he could testify to would be that if present all the time the defendant feels is of important, he saw or heard nothing. This may place this in proper [perspective]. The issue is without merit. . . .

Petitioner has failed to demonstrate any error in the trial court's reasoning or conclusion. The petitioner acknowledged that the witness died unexpectedly

-4-

and yet would argue that this Court hold trial counsel ineffective for failing to foresee the death. Further, the efficacy of the witness' testimony is dubious: (1) the witness' testimony would not have been that the offenses did not occur, but rather, in a context of an alibi defense, that he simply did not see them occur, and (2) some similiar testimony was already introduced through alternate witnesses. Accordingly, we conclude that the petitioner has failed to demonstrate that his trial counsel was ineffective and that prejudice resulted.

Second, petitioner argues that trial counsel was ineffective in failing to make a motion for sanctions in response to allegedly "coached" testimony at trial. Trial counsel vigorously cross-examined the "coached" witness at trial in front of the jury as well as raising the issue on direct appeal. Failure to make a motion for sanctions simply does not constitute ineffectiveness when trial counsel pursued the reasonable strategy of exposing the witness before the jury by cross-examination. Further, it is entirely unclear what prejudice the petitioner even alleges. Therefore, we conclude that trial counsel was not ineffective.

Accordingly, we conclude, on both ineffectiveness claims, that the evidence does not preponderate against the trial court's findings.

## CONCLUSION

The judgment of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
ALAN E. GLENN, Judge